dissenting.
I respectfully dissent. Although the record is limited, a review of the available testimony leads me to conclude that the Petitioner had the requisite knowledge that the funds he sent to his brother in *720 Mexico would be used to “aid and abet” his brother’s illegal entry into the United States.
Petitioner is eligible for cancellation of removal proceedings only if he carries the burden of demonstrating that, among other things, he has “good moral character.” 8 U.S.C. § 1229b(b)(l)(B); 8 C.F.R. § 1240.8. To be of “good moral character” the Petitioner must not be a member of any of the classes of persons referenced by 8 U.S.C. § 1101(f)(3). One such class includes “any alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or try to enter the United States in violation of the law.” Id. § 1182(a)(6)(E)(i). This class, as defined by the statute, is not limited to the criminal coyote smuggler who profits from human trafficking. It also encompasses any individual who knowingly provides aid or assistance to facilitate an alien’s unlawful entrance into the United States, even if the affirmative act is as seemingly minor as providing financial assistance. See Urzua Covarrubias v. Gonzales, 487 F.3d 742 (9th Cir. 2007).
There is sufficient evidence in the record to conclude that Petitioner knowingly assisted his brother in illegally entering the United States. During Petitioner’s hearing, he was asked specifically if he knew what his brother planned to do with the money. Petitioner answered, “Well, he asked me if I could lend him money for him to come to this country, so I don’t know.” The fact that Petitioner conditioned his answer with the phrase “I don’t know” does not change the analysis or negate the fact that Petitioner plainly stated that his brother asked him for money to illegally enter the United States.
Petitioner’s brother asked for money to help with his crossing, which Petitioner provided. Further, the Petitioner admitted that he knew his brother lacked the proper documents to legally enter the United States. Finally, his brother did in fact arrive in the United States and lived with the Petitioner for some period of time. Based on these facts the Immigration Judge determined, and the BIA affirmed, that Petitioner aided and abetted his brother in illegally entering the United States, making him inadmissible and lacking “good moral character.” This Judge cannot say that the record compels a contrary result as substantial evidence supports this factual finding. See INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 n.1 (1992). I would deny the petition for review.